IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| **CSX TRANSPORTATION, INC.** <br> 500 Water Street <br> 15th Floor <br> Jacksonville, FL 32202 <br><br> Plaintiff, <br><br> v. <br><br> **ALBAN WASTE, LLC** <br> (f/k/a Reliable Waste Services, LLC) <br> Serve on: John Jacob Alban, Jr. <br> 1001 68th Street <br> Rosedale, MD 21237 <br><br> and <br><br> **JOHN JACOB ALBAN, JR.** <br> 1436 Sussex Rd. <br> Baltimore, MD 21221 <br><br> Defendants. | * <br> * <br> * <br> * <br> * <br> *    Case No.: <br> * <br> * <br> * <br> *    **JURY TRIAL DEMANDED** <br> * <br> * <br> * <br> * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff CSX Transportation, Inc. ("CSXT"), by and through counsel, hereby files this Complaint against Defendants Alban Waste, LLC ("Alban Waste") and John Jacob Alban, Jr. ("Alban") (collectively "Defendants"), and in support thereof states as follows:

## NATURE OF THE ACTION

1. This case arises from a truck-train collision ("the Collision") at a railroad grade crossing located in Rosedale, Maryland leading to and from Lake Drive and Alban Waste, LLC's principal place of business (hereinafter "the Crossing"), in which Defendants' wrongful acts and omissions caused a CSXT train to strike Defendants' truck, thereby derailing multiple cars of the train, igniting the cargo contained therein, and, as a result, incurring damages to CSXT.

## THE PARTIES

2. Plaintiff CSX Transportation, Inc. is, and was at all times relevant herein, a corporation organized and existing under the laws of the Commonwealth of Virginia with its principal place of business in Jacksonville, Florida.

3. CSXT operates rail networks in the United States. It provides rail freight transportation through its approximately 21,000 route mile rail network.

4. Defendant Alban Waste, LLC is, and was at all times relevant herein, a limited liability company organized and existing under the laws of the State of Maryland, with its principal place of business located at 1001 68th Street, Rosedale, Maryland 21237.

5. Alban Waste is an interstate carrier service that transports garbage, refuse, and trash. It operates three (3) trucks and employs four (4) total drivers, including Defendant John Jacob Alban, Jr.

6. Defendant John Jacob Alban, Jr. is, and was at all times relevant herein, a citizen and resident of Baltimore, Maryland, with his residential address at 1436 Sussex Road, Baltimore, Maryland 21221.

7. Currently, and at all times relevant hereto, Alban serves as President of Alban Waste.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as this is a case between entities based in and operating out of different states with more than $75,000 in controversy, exclusive of interest and costs.

9. This Court has personal jurisdiction over Defendants because Alban is a Maryland citizen and resident and Alban Waste is a limited liability company organized and existing under the laws of the State of Maryland.

10. Venue in this matter is proper in the United States District Court for the District of Maryland pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) because the events giving rise to the claims asserted herein occurred in and are causing injury in this District and Division.

## STATEMENT OF FACTS

### I. THE COLLISION AND ENSUING DERAILMENT

11. On May 28, 2013, a 45-car CSXT train with two locomotives (Train Q40927, hereinafter "the Train") was traveling southward from Albany, New York to Waycross, Georgia. Certain cars of the Train were carrying chemicals used to make products such as dyes, ink, and paper.

3

12. The Train's route caused it to pass through Rosedale, Maryland on tracks located in CSXT's Baltimore Division, Philadelphia Subdivision.

13. The tracks in the area of the Crossing consist of two mainline tracks running from northeast to southwest. The Train was travelling southwest on the more northerly situated track ("Track 1").

14. At all relevant times herein, the Train was being operated with reasonable care and in accordance with applicable law.

15. At approximately 2:00 P.M. on May 28, 2013, Alban was driving a 2003 Mack Granite Roll Off Truck ("the Truck") owned and operated by Alban Waste near Alban Waste's principal place of business, which is located on the south/east side of the Crossing. Specifically, Alban was driving in a north/westerly direction toward the Crossing and Lake Drive from Alban Waste's principal place of business.

16. Pursuant to state and federal law, including, but not limited to, Md. Code Ann., Transp. §§ 21-702 to 21-703.1 and 49 C.F.R. §§ 392.10 to 392.11, before entering the Crossing, Alban was legally obligated to slow and stop the Truck and exercise due care, including by looking and listening, to ensure the tracks were clear of approaching trains and that the Crossing could be traversed safely.

17. Despite this duty, Alban failed to stop or slow the Truck and failed to exercise due care, including by failing to look and listen for approaching trains, before entering the Crossing.

18. Instead, Alban drove the Truck onto and across the more southerly situated Track 2 and then directly in front of the oncoming Train travelling on Track 1.

Alban failed to completely clear the tracks as the Train reached the Crossing, thereby causing the Truck's right rear tandem axle to be struck by the Train.

19.  The Collision caused fifteen (15) cars on the Train to derail, including five (5) cars carrying chemicals, and the derailment resulted in an explosion.

20.  The Collision caused substantial damage to CSXT's rails and other track structure, and rendered the rails unusable.

21.  The Collision also caused damage to other CSXT property including, but not limited to, the locomotive and rail cars.

22.  The Collision caused CSXT to incur substantial costs associated with, *inter alia*, track and equipment repair, environmental clean-up, train delays, labor, and damage or destruction to freight.

II.  **ALBAN'S KNOWLEDGE OF AND USE OF THE CROSSING**

23.  Alban Waste's principal office is located approximately 1500 feet from the Crossing.

24.  Prior to the Collision and since at least 2011, Alban had driven his personal vehicle(s) and Alban Waste's vehicle(s) through the Crossing from both directions regularly in order to go to and from Alban Waste's principal office and place of business.

25.  Railway crossbucks have been located on each side of the Crossing for years prior to the Collision.

26.     Prior to and at the time of the Collision, the railroad tracks were active, in frequent use, and trains frequently passed through the Crossing at speeds similar to that of the Train.

### III.   ALBAN WASTE'S AND ALBAN'S POOR SAFETY RECORD

27.     Alban Waste ranks in the bottom ten percent of trucking companies of similar size and type in the nation when it comes to safety compliance, according to the Federal Motor Carrier Safety Administration.

28.     According to the Federal Motor Carrier Safety Administration's Motor Carrier Information Management System, Alban Waste failed a November 2011 Safety Audit due to violations of federal regulations relating to, *inter alia*, driver qualification files, drug and alcohol testing, and vehicle inspection reports.

29.     Additionally, from June 7, 2012 to June 6, 2013, Alban Waste vehicles were found to have no fewer than 64 safety violations, including 14 "out-of-service" violations. Many of these violations related to the condition of the brakes on Alban Waste's vehicles.

30.     Likewise, Alban was found guilty of no fewer than three traffic-related offenses in the two years immediately preceding the Collision, including one offense for the improper use of a cellular telephone while operating a vehicle. One of the foregoing offenses occurred just three days prior to the Collision. Additionally, Alban was charged with speeding 25 miles per hour over the posted speed limit approximately just three months before the Collision. That charge remains pending.

31. Alban Waste knew or in the exercise of reasonable care should have known of the foregoing charges and offenses relating to Alban's operation of a motor vehicle when it hired Alban and/or at the time of the Collision.

### COUNT I - NEGLIGENCE - ALBAN

32. CSXT incorporates and re-alleges all of the allegations set forth in Paragraphs 1-31.

33. Alban was under a duty to operate the Truck safely and with due care, including by observing all local, state and federal traffic, transportation, and vehicle maintenance laws and regulations.

34. Further, as previously set forth above, before entering the Crossing, Alban was under a statutory and common law duty to slow and stop the Truck and exercise due care, including by looking and listening, to ensure the tracks were clear of approaching trains and that the Crossing could be traversed safely.

35. Alban negligently breached the foregoing duties by, *inter alia*:

    a. Failing to observe all local, state and federal traffic and transportation laws and regulations;

    b. Failing to observe all state and federal laws relating to the inspection, repair, and maintenance of the Truck;

    c. Failing to keep a proper lookout;

    d. Failing to heed all traffic control devices;

    e. Failing to slow and/or stop the Truck before entering the Crossing;

    f.    Failing to look and/or listen for approaching trains before entering the Crossing;

    g.    Failing to heed audio and/or visual warnings of the approaching Train;

    h.    Failing to exercise due to care when proceeding across the Crossing;

    i.    Failing to ensure that the Truck could traverse the Crossing safely and completely before encountering the approaching Train; and

    j.    Failing to prevent the Truck from coming into contact with the Train.

36.    As a proximate result of one or more of the foregoing negligent acts and omissions, Alban caused the Truck to collide with the Train and the Train to partially derail, thereby causing CSXT to suffer damages.

37.    All damage to CSXT was caused solely by the negligence of Alban and without any negligence by CSXT.

38.    Despite the exercise of reasonable care, CSXT was unable to prevent the Train from colliding with the Truck.

**WHEREFORE**, Plaintiff CSX Transportation, Inc. prays:

a)    Judgment against the against Defendant John Jacob Alban, Jr.;

b)    Compensatory and consequential damages in an amount no less than $75,000 for damages incurred by CXST, including, but not limited to, damage to CSXT's rails, track structure, locomotive, cars, and other

property, as well as costs associated with track repair, environmental clean-up, train delays, labor, and damage or destruction of freight.

c) Pre- and post-judgment interests;

d) Court costs and attorneys' fees incurred by CSXT in the preparation and prosecution of this action; and

e) Such other and further relief as justice may require.

## COUNT II - NEGLIGENCE - ALBAN WASTE

39. CSXT incorporates and re-alleges all allegations set forth in Paragraphs 1-38.

40. Alban Waste employs truck drivers to transport waste and garbage in trucks owned and operated by the company from its principle place of business located near the Crossing to interstate destinations.

41. Alban is an Alban Waste truck driver and, at all times relevant herein, was acting within the scope of his agency and/or employment with Alban Waste.

42. Alban, as an agent and/or employee of Alban Waste, had a duty to operate the Truck safely and with due care under all relevant local, state, and federal statutory and common law, including a duty to slow and stop the Truck and exercise due care, before entering the Crossing, including by looking and listening, to ensure the tracks were clear of approaching trains and that the Crossing could be traversed safely.

43. At approximately 2:00 P.M. on May 28, 2013, Alban was driving the Truck owned and operated by Alban Waste from Alban Waste's principal place of business, toward the Crossing and Lake Drive. Without slowing or stopping the Truck

upon reaching the Crossing, Alban negligently drove onto and across Track 2 and then directly in front of the oncoming Train travelling on Track 1. Alban failed to completely clear the tracks as the Train reached the Crossing, thereby causing a collision between the Train and the Truck that caused a derailment of train cars, explosion of chemicals stored in the cars and other injuries to CSXT.

44. The above-described acts and omissions by Alban were committed within the scope of his agency and while furthering the business interests of Alban Waste.

45. As Alban's employer and principal, Alban Waste is responsible for all of the acts and omissions committed by Alban within the scope of his employment, including the negligent acts and omissions that proximately caused the Train to strike the Truck and become partially derailed, thereby causing CSXT to suffer damages.

46. All damage to CSXT was caused solely by the negligence of Alban and Alban Waste and without any negligence by CSXT.

47. Despite the exercise of reasonable care, CSXT was unable to prevent the Train from colliding with the Truck.

**WHEREFORE**, Plaintiff CSX Transportation, Inc. prays:

   a) Judgment against the against Defendants Alban Waste, LLC and John Jacob Alban, Jr., jointly and severally;

   b) Compensatory and consequential damages in an amount no less than $75,000 for damages incurred by CXST, including, but not limited to, damage to CSXT's rails, track structure, locomotive, cars, and other

property, as well as costs associated with track repair, environmental clean-up, train delays, labor, and damage or destruction of freight.

c) Pre- and post-judgment interests;

d) Court costs and attorneys' fees incurred by CSXT in the preparation and prosecution of this action; and

e) Such other and further relief as justice may require.

## COUNT III - NEGLIGENT HIRING/RETENTION/SUPERVISION - ALBAN WASTE

48. CSXT incorporates and re-alleges all allegations set forth in Paragraphs 1-47.

49. Alban Waste owed a duty of care to CSXT and the public to use reasonable care in the hiring, retention, and supervision of its agents, servants, and employees, including Alban.

50. At all times relevant hereto, Alban Waste knew or in the exercise of reasonable care should have known that Alban was unfit or incompetent to drive and operate its trucks in a reasonable and safe manner.

51. In particular, Alban Waste knew or should have known of the various safety violations and traffic-related offenses for which Alban was found guilty in the two years immediately preceding the Collision.

52. As a direct and proximate cause of Alban Waste's negligence in the hiring, supervising, and retaining of Alban, Alban Waste caused CSXT to suffer damages. In particular, Alban Waste negligently permitted Alban to operate its vehicles over the Crossing and, ultimately, come into contact with the Train and partially derail it.

WHEREFORE, Plaintiff CSX Transportation, Inc. prays:

a) Judgment against the against Defendant Alban Waste, LLC;

b) Compensatory and consequential damages in an amount no less than $75,000 for damages incurred by CXST, including, but not limited to, damage to CSXT's rails, track structure, locomotive, cars, and other property, as well as costs associated with track repair, environmental clean-up, train delays, labor, and damage or destruction of freight.

c) Pre- and post-judgment interests;

d) Court costs and attorneys' fees incurred by CSXT in the preparation and prosecution of this action; and

e) Such other and further relief as justice may require.

## DEMAND FOR JURY TRIAL

Plaintiff CSX Transportation, Inc. hereby demands a jury trial on all issues triable of right pursuant to Fed. R. Civ. P. 38.

Respectfully submitted,

Ava E. Lias-Booker (Fed. Bar No. 05022)
Melissa O. Martinez (Fed. Bar No. 28975)
McGuireWoods LLP
7 Saint Paul Street, Suite 1000
Baltimore, Maryland  21202
(410) 659-4491
(410) 659-4498 (fax)

*Attorneys for CSX Transportation, Inc.*